UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT LANG,

        Plaintiff,

v.                                                Case No:   6:23-cv-912-CEM-LHP

ORLANDO HEALTH, INC.,

        Defendant

## SUPPLEMENTAL BRIEFING ORDER

Before the Court is Defendant, Orlando Health, Inc.'s, Motion to Compel Plaintiff's Insufficient Discovery Responses, filed on December 27, 2024. Doc. No. 45. Plaintiff has not responded to the motion, and the time for doing so has expired. Doc. No. 20 ¶ 5; *see also* Fed. R. Civ. P. 6(d), (a)(1)(C). Accordingly, the Court deems the motion to be unopposed. Doc. No. 20 ¶ 5. Despite the unopposed nature of the motion, the Court finds supplemental briefing from Defendant appropriate. *See id.* ¶ 6.

Specifically, the motion is premised on Plaintiff's alleged failure to comply with a Court Order granting in part Defendant's prior motion to compel, with such Order issuing on July 29, 2024. Doc. No. 41; *see also* Doc. No. 39. According to

Defendant, in compliance with that Order, Plaintiff served responses to Requests for Production on August 14, 2024, and served verified answers to Interrogatories on August 22, 2024. Doc. No. 45, at 1–2; Doc. Nos. 45-1, 45-2. Although Defendant now argues that Plaintiff served improper objections or responses, the Court questions whether Defendant's motion is timely, given that Defendant (1) waited over four (4) months after service of the discovery responses to file the motion to compel, (2) filed the motion only seven (7) days before discovery closed in this case (January 3, 2025, *see* Doc. No. 19), and (3) waited until December 13, 2024 to attempt to confer with Plaintiff regarding this issue, *see* Doc. No. 45, at 4. *See, e.g.*, *Tripro Consulting, LLC v. CACI, Inc. - Fed.*, No. 6:23-cv-568-JSS-DCI, 2024 WL 3877434, at *2 (M.D. Fla. Aug. 20, 2024) (citation omitted) (stating that "motions to compel filed at the close of discovery are disfavored and may, as here, evince a lack of diligence in pursuing discovery that results in the waiver of the request for relief," and that "[w]hile there is no local or federal rule setting a precise deadline for the filing of a motion to compel, it is clear that any such motion must be filed within a 'reasonable time' period."); *Coleman v. Starbucks*, No. 6:14-cv-527-Orl-22TBS, 2015 WL 2449585, at *8 (M.D. Fla. May 22, 2015) (denying motion to compel, in part, because the moving party waited until the eve of the discovery deadline to file a motion to compel production of information that was requested months earlier but never produced); *Malibu Media, LLC v. Weaver*, No. 8:14-cv-1580-T-33TBM, 2016

WL 473133, at *1–2 (M.D. Fla. Feb. 8, 2016) (overruling objections to an order denying two motions to compel brought one day before the discovery deadline expired because the moving party failed to provide a reason or good cause for the delay in bringing the motions).

Accordingly, it is **ORDERED** that on or before **January 14, 2025**, Defendant shall file a supplemental brief in support of the motion, not to exceed **five (5) pages** in length, establishing with citation to evidence and legal authority that the motion to compel is timely. Alternatively, on or before this same deadline, Defendant may file a notice withdrawing the motion.

**DONE** and **ORDERED** in Orlando, Florida on January 7, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties